UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY BURDETTE TUTEN,

    Plaintiff,

v.                                                                  Case No. 8:21-cv-2397-WFJ-AAS

CHRIS NOCCO, et al.,

    Defendants.
_____/

**ORDER**

The Court has for its consideration the *pro se* prisoner Plaintiff's, Mr. Tuten, civil rights complaint filed against Defendants under 42 U.S.C. § 1983 (Doc. 1). The Court has undertaken a preliminary screening of the complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court has determined that the complaint must be dismissed, in part, with leave to amend.

**BACKGROUND**

Mr. Tuten sues Chris Nocco, the Sheriff of Pasco County, Florida, 20 employees of the Pasco County Sheriff's Office, and Home Wav, L.L.C., a private company that contracts with the Pasco County Sheriff's Office to provide online visitation video devices. Mr. Tuten alleges that on November 14, 2020, another inmate was using one of the devices when his female visitor saw Mr. Tuten and another prisoner, Mr. Rogers, naked while in the "shower area." Mr. Tuten and Mr. Rogers informed each Defendant that visitors using the online visitation devices in "C-dorm"

can see in the shower area. And families of the prisoners called both the jail and Home Wav and informed them that during online visitation, naked prisoners can be seen in the shower area.

Despite the notice, Defendants have failed to act to remedy the problem. In fact, on May 19, 2021, Corporal Castro and Captain Ceresolei threatened Mr. Tuten and Mr. Rogers because their families called the jail and took "screen shots" of the visitation devices. Mr. Tuten claims he has suffered embarrassment and humiliation, and Defendants have violated his right to privacy. As relief, he seeks $150,000 for "mental suffering/embarrassment," $200,000 in punitive damages, and $350,000 "for injunction." (Doc. 1, docket p. 11).

ANALYSIS

I. The claims against Home Wav must be dismissed

"Section 1983 provides judicial remedies to a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). "Only in rare circumstances can a private party be viewed as a '[S]tate actor' for section 1983 purposes." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)). To show a defendant acted under color of state law, the plaintiff must allege a sufficient relationship between

the defendant and the State. *See Farrow v. West*, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003).

Here, Mr. Tuten sues Home Wav L.L.C., a private entity. Although he claims Home Wav was under contract with the county to provide video visitation services at the jail, that is not enough to demonstrate that Home Wav engaged in state action. *See, e.g., Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1278 (11th Cir. 2003) (explaining that "the mere fact that a private actor contracts with a governmental entity does not mean that every action taken by the private actor can be attributed to the government."); *Whitaker v. Dir., TDCJ-CID*, 2013 WL 2318889, at *15 (E.D. Tex. May 27, 2013) ("The fact that Securus has contracted with the Texas Department of Criminal Justice to provide telephone services to prisoners does not make Securus or any of its employees state actors."). Without more, Mr. Tuten has failed to demonstrate state action by Home Wav, and the claims against Home Wav must be dismissed.

II. The claims against the 20 prison officials must be dismissed

Mr. Tuten alleges that although each Defendant knows visitors using the video visitation services can see into the shower area, nothing has been done to remedy the issue (Doc. 1, docket pp. 8-9). A Section 1983 case requires an affirmative causal connection between a defendant and the alleged deprivation of constitutional rights. *Williams v. Bennett*, 689 F.2d 1370 (11th Cir.1982), *cert. denied*, 464 U.S. 932 (1983). And "[a]lthough each prison employee owes a duty to the inmates affected by his

function, that duty must be measured by the scope of his discretion and the extent of his authority." *Williams v. Bennett*, 689 F.2d 1370, 1388 (11th Cir. 1982) (citing *Procunier v. Navarette*, 434 U.S. 555, 561 (1978)).

The complaint fails to allege facts showing the 20 prison official defendants either placed the video devices in an area that allowed visitors to see in the shower area or have the authority to remedy the issue and did not do so. The complaint therefore fails to sufficiently allege a causal connection between those Defendants and the alleged deprivation of Mr. Tuten's constitutional rights. Accordingly, the claims against the 20 prison official Defendants must be dismissed.

III. Mr. Tuten's request for damages for mental suffering and embarrassment must be dismissed

Mr. Tuten has not sufficiently pleaded a claim for compensatory damages for mental or emotional injury because he has failed to allege a physical injury. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).").[1] Therefore, his claim for compensatory damages will be dismissed

---

[1] Section 1997e(e) does not, however, preclude recovery of nominal or punitive damages without a showing of physical injury; nor does § 1997e(e) prohibit suits for injunctive relief. *See Hoever v. Marks*, 993 F.3d 1353, 1356 (11th Cir. 2021); *Brooks v. Warden*, 800 F.3d 1295, 1307–08 (11th Cir. 2015).

IV. Mr. Tuten's request for injunctive relief must be dismissed

Although Mr. Tuten appears to seek injunctive relief, he does not specify what sort of injunction he is seeking. Mr. Tuten must specify what he would like the Court to enjoin Defendants from doing. Therefore, if Mr. Tuten chooses to file an amended complaint and seek an injunction, he must specify what sort of injunction he is requesting.

V. Mr. Tuten sufficiently alleges a claim against Sheriff Nocco for a violation of Mr. Tuten's right to bodily privacy

"[C]onvicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Fortner v. Thomas*, 983 F.2d 1024, 1029 (11th Cir. 1993) (citations omitted). The Eleventh Circuit has "join[ed] other circuits in recognizing a prisoner's constitutional right to bodily privacy" under the Fourth Amendment. *Id*. at 1030. Therefore, the Court construes Mr. Tuten's complaint to allege a violation of his Fourth Amendment right to bodily privacy. Thus, the complaint may proceed to service of process on Sheriff Nocco on that claim.

Accordingly:

1. This case may proceed on the claim against Sheriff Nocco for violation of Mr. Tuten's Fourth Amendment right to bodily privacy.

2. Mr. Tuten's claims against all other Defendants are **DISMISSED** without prejudice.

3. If Mr. Tuten desires to amend his complaint to remedy the noted deficiencies, he must file an amended complaint within THIRTY DAYS of the date of this order.

    a. To amend his complaint, Mr. Tuten must fill out a civil rights complaint on the form, marking it "Amended Complaint."

    b. The amended complaint must include all of Mr. Tuten's claims in this action; it may not refer to or incorporate the original complaint. The amended complaint supersedes the original complaint, and all claims and facts in support thereof must be raised in the amended complaint. *See Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009) (An amended complaint supersedes the original complaint and "specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint.").

4. Should Mr. Tuten fail to timely amend his complaint, the case will proceed to service of process on Sheriff Nocco, by separate order, on the claim for violation of Mr. Tuten's right to bodily privacy.

5. The Clerk must mail to Mr. Tuten, along with this Order, a copy of the standard prisoner civil rights complaint form.

**ORDERED** in Tampa, Florida, on December 1, 2021.

                                        WILLIAM F. JUNG
                                        UNITED STATES DISTRICT JUDGE

Copy to: Terry B. Tuten, *pro se*