UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TERRY BURDETTE TUTEN,**

    **Plaintiff,**

v.                                      Case No: 8:21-cv-2397-WFJ-AAS

**CHRIS NOCCO, et al.,**

    **Defendants.**
_____/

# ORDER

    Plaintiff Terry Burdette Tuten brings this action under 42 U.S.C. § 1983 alleging that his constitutional right to bodily privacy was violated while he was a pretrial detainee at the Pasco County Jail when a female visitor to the jail observed an image of his nude body broadcasted on a video visitation device. He names as defendants Sheriff Chris Nocco, Home Wav, LLC, ("Home Wav"), and twenty officers of the Pasco County Sheriff's Office. Prior orders set forth the legal standards governing Mr. Tuten's claims, identified the claims' deficiencies, and granted Mr. Tuten leave to amend. (Docs. 9 and 30) Mr. Tuten now proceeds on his Amended Complaint. (Doc. 37)

    Sheriff Nocco moves to dismiss the claim asserted against him in the Amended Complaint. (Doc. 38) Mr. Tuten opposes the motion to dismiss. (Doc. 44) Because Mr. Tuten again fails to state a plausible claim against Sheriff Nocco for a violation of

his constitutional right to bodily privacy, the Court dismisses the claim against Sheriff Nocco with prejudice. Also, the Court sua sponte dismisses with prejudice Mr. Tuten's claims against Home Wav and the twenty officers of the Pasco County Sheriff's Office.

## I.   Background

### A.   Screening of Initial Complaint under 28 U.S.C. § 1915A

A prior screening order under 28 U.S.C. § 1915A set forth the legal standards governing Mr. Tuten's claims and identified deficiencies in the initial Complaint. (Doc. 9) Home Wav was dismissed because Mr. Tuten's allegation that Home Wav contracted with the county to provide video visitation services was insufficient to allege that the private entity acted under color of state law. (*Id.* at 2–3) The twenty officers were dismissed because Mr. Tuten neglected to allege a causal connection between the officers' conduct and the alleged constitutional violation. (*Id.* at 3–4)

### B.   Order Granting Motion to Dismiss Initial Complaint

Sheriff Nocco moved to dismiss the initial Complaint's remaining claim that he violated Mr. Tuten's constitutional right to bodily privacy. (Doc. 22) After explaining the legal standards governing a motion to dismiss this claim, the Court granted the motion with leave to amend. (Doc. 30 at 5–12) Mr. Tuten's claim against Sheriff Nocco in his official capacity was dismissed because Mr. Tuten failed to allege that an official policy or custom of the county was the moving force of the alleged constitutional violation. (*Id.* at 11) Mr. Tuten's claim against Sheriff Nocco in his

individual capacity was dismissed because Mr. Tuten failed to allege sufficient facts to show that Sheriff Nocco personally participated in the alleged constitutional violation or a causal connection between his actions and the alleged constitutional violation. (*Id.* at 8–9)

## II. Amended Complaint

Mr. Tuten now proceeds on his Amended Complaint in which he re-alleges that his constitutional right to bodily privacy was violated. (Doc. 37)  He again names as defendants Sheriff Nocco, Home Wav, and twenty officers of the Pasco County Sheriff's Office.  (*Id.* at 2–4)  The facts alleged in the Amended Complaint remain mostly unchanged from those alleged in the initial Complaint.

Mr. Tuten alleges that on November 14, 2020, a female visitor named Carlene Tommolino was visiting inmate Joey Allen Deese on the Home Wav device at the Pasco County jail when she saw Mr. Tuten and another inmate, Bruce Rogers, naked in the background.  (*Id.* at 7)  He alleges that "[t]he showers and bathroom are directly across from where the visitation devices are [located,]" and as a result, there is "[n]othing blocking the men and women from seeing inmates relieving [themselves] or [in] different states of undress."  (*Id.* at 8)  He alleges that "[t]his was not a singular problem," but rather "an ongoing everyday issue."  (*Id.* at 7)

According to Mr. Tuten, "twenty dorm officers, including high rank officials, were made aware of the malfeasance." (*Id.*)  However, "[n]othing was done to remedy the issue," even after he submitted multiple grievances.  (*Id.*)  He alleges that "the curtains provided were not sufficient" because they provided "minimal coverage" and

3

"were in poor condition all the time." (*Id.*) On May 19, 2021, Corporal Castro and Captain Ceresolei threatened both him and inmate Rogers because their families called the jail and took screen shots of the visitation devices. (*Id.*) Mr. Tuten was "written up for getting changed in the shower area" and "exposing himself" and punished with 15 days of confinement. (*Id.*)

Mr. Tuten claims that the violation of his privacy caused him humiliation and embarrassment. (*Id.* at 6) As a remedy, he seeks to recover nominal fees and $200,000.00 in punitive damages. (*Id.*)

## III.   Analysis

### A.   Sheriff Nocco

Despite having an opportunity to amend, Mr. Tuten again alleges insufficient facts in his Amended Complaint to state a plausible claim against Sheriff Nocco.

#### 1.   Official Capacity Claim

An official capacity claim is a claim against the entity of which the defendant is an agent—in this case, Pasco County. *See Owens v. Fulton Cnty.*, 877 F.2d 947, 951 n.5 (11th Cir. 1989) (citations omitted). "A governmental entity is not liable under § 1983, merely as a matter of *respondeat superior*, for constitutional injuries inflicted by its employees." *Brown v. Neumann*, 188 F.3d 1290, 1290 (11th Cir. 1999) (citation omitted). A local government is, however, liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose

edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

To attribute liability to Sheriff Nocco in his official capacity under Section 1983, Mr. Tuten must allege that "the moving force of the constitutional violation" was an official policy or custom. *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993) (citations omitted). A custom supports municipal liability if it is "a longstanding and widespread practice." *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability against a municipality." *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011) (citations omitted). "This requirement of proof prevents the imposition of liability based upon an isolated incident[.]" *Id.* (citations omitted).

First, Sheriff Nocco correctly argues that dismissal is warranted because Mr. Tuten fails to allege a constitutional injury. "[I]t is well established that convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Fortner v. Thomas*, 983 F.2d 1024, 1029 (11th Cir. 1993) (citations omitted). "[P]risoners retain a constitutional right to bodily privacy." *Id.* at 1030. And, "absent a legitimate reason, [prisoners] maintain . . . the right not to have their genitals exposed to onlookers." *Mitchell v. Stewart*, 608 F. App'x 730, 735 (11th Cir. 2015). However, an involuntary exposure does not automatically constitute a constitutional violation. *See Fortner*, 983 F.2d at 1030. The Court considers whether a legitimate law enforcement purpose exists for the involuntary exposure. *See id.*

("When a prison regulation or policy impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.") (quotations omitted).  Furthermore, "[t]he cases in this Circuit that have found a violation of a right to bodily privacy have uniformly held that the violation occurred when the officers caused the pretrial detainee or inmate to be exposed and engaged in some additionally offensive conduct[,]" such as when "officers solicited them to masturbate and otherwise exhibit their genitals for the . . . officers' viewing." *See Davis v. City of Leesburg*, No. 5:12-cv-609, 2014 WL 4926143, at *20 (M.D. Fla. Sept. 30, 2014).

Mr. Tuten alleges that his nude body was observed by one female visitor on a video visitation device on one occasion. (Doc. 37 at 7)  He does not allege "some additionally offensive conduct" occurred at the time his nude body was observed, such as that this viewing was intentional, solicited, or compelled.  He alleges that "this" was "an ongoing every day issue," but he does not support this vague allegation with any details to show that any visitor viewed his nude body on another occasion. (*Id.*)  He vaguely alleges that "[n]othing block[s] the men and women from seeing inmates relieving [themselves] or [in] different states of undress," but he does not allege that Sheriff Nocco or any prison staff viewed his nude body. (*Id.* at 8)  His allegation of a single involuntary exposure to a visitor is insufficient to state a claim for a violation of his constitutional right to bodily privacy. *See Craig*, 643 F.3d at 1310.

Next, Sheriff Nocco correctly argues that dismissal is warranted because Mr. Tuten fails to allege that the alleged constitutional injury was caused by a policy,

6

custom, or widespread practice of the Pasco County Sheriff's Office. Mr. Tuten neglects to identify any policy, custom, or widespread practice of the Pasco County Sheriff's Office that caused the alleged constitutional injury. He alleges a single, isolated incident on November 14, 2020, when a female visitor observed his nude body on a video visitation device. He neglects to allege that his nude body was observed by a female visitor on multiple occasions or that other nude inmates were observed by visitors on prior occasions giving rise to a persistent and widespread practice. Therefore, he fails to allege an unconstitutional custom or widespread practice. *See Paylan v. Bondi*, No. 8:15-cv-1366, 2017 WL 9398657, at *25 (M.D. Fla. Feb. 28, 2017) (ruling that a claim for violation of bodily privacy against the sheriff was facially insufficient because the prisoner failed to allege "any prior, similar civil rights violations"). Accordingly, Mr. Tuten's claim against Sheriff Nocco in his official capacity must be dismissed.

Additionally, to the extent Mr. Tuten seeks punitive damages from Sheriff Nocco in his official capacity, such claim must be dismissed. Government officials "are immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

    2.    **Individual Capacity**

Mr. Tuten alleges no facts to show Sheriff Nocco was personally involved in the November 14, 2020, incident when his nude body was observed by a female visitor. Rather, it appears that Mr. Tuten sues Sheriff Nocco in his individual capacity for his

conduct in facilitating the installation and use of video visitation services at the Pasco County Jail.

Sheriff Nocco correctly argues that he is entitled to qualified immunity from the claim against him in his individual capacity. "Questions of qualified immunity should be resolved at the earliest possible stage in the litigation. A district court should therefore grant the defense of qualified immunity on a motion to dismiss if the complaint fails to allege the violation of a clearly established constitutional right." *Dalrymple v. Reno*, 334 F.3d 991, 994–95 (11th Cir. 2003) (quotations omitted).

To overcome a qualified immunity defense, the plaintiff must show that the defendant violated a constitutional right, and that the violated right was clearly established. *Paez v. Mulvey*, 915 F.3d 1276, 1284 (11th Cir. 2015). "[A] right may be clearly established for qualified immunity purposes in one of three ways: (1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Pullen v. Osceola Cnty.*, 861 F. App'x 284, 290 (11th Cir. 2021).

Mr. Tuten fails to allege the violation of a clearly established constitutional right. It is not clearly established that an inmate's constitutional right to bodily privacy is violated when one individual of the opposite sex observes an inmate's nude body one time. And, as previously explained, Mr. Tuten fails to allege "some additionally offensive conduct" occurred at the time his nude body was observed. Sheriff Nocco is

entitled to qualified immunity from the claim for a violation of Mr. Tuten's constitutional right to bodily privacy.

Despite having an opportunity to amend after the Court set forth the applicable legal standards, Mr. Tuten's claim suffers from the same deficiencies identified by the Court in its prior order. (Doc. 30 at 5–12) Accordingly, the claim against Sheriff Nocco must be dismissed with prejudice. *See Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

### B.   Home Wav

In its prior screening order, the Court explained the legal standard it applies to screen civil suits brought by prisoners seeking redress from a governmental entity under 28 U.S.C. § 1915(A). (Doc. 9 at 2–3) The Court dismissed Mr. Tuten's claim against Home Wav because his mere allegation that Home Wav contracted with the county to provide video visitation services was insufficient to allege that the private entity acted under color of state law. (*Id.* at 2–3)

Mr. Tuten again alleges insufficient facts in his Amended Complaint to state a plausible claim against Home Wav for a violation of his constitutional right to bodily privacy. In fact, the factual allegations against Home Wav remain unchanged from the initial Complaint. Because Mr. Tuten again fails to allege sufficient facts to establish that Home Wav acted under color of state law, his claim against this defendant must be dismissed with prejudice. *See Focus on the Fam. v. Pinellas Suncoast*

*Transit Auth.*, 344 F.3d 1263, 1278 (11th Cir. 2003) (explaining that "the mere fact that a private actor contracts with a governmental entity does not mean that every action taken by the private actor can be attributed to the government"); *Woldeab*, 885 F.3d at 1291.

### C.     Twenty Officers of the Pasco County Sheriff's Office

In its prior screening order, the Court dismissed Mr. Tuten's claims against the twenty officers of the Pasco County Sheriff's Office because Mr. Tuten neglected to allege sufficient facts to show a causal connection between the officers' conduct and the alleged constitutional violation.  (Doc. 9 at 3–4)

Mr. Tuten again alleges insufficient facts in his Amended Complaint to state a plausible claim against these defendants.  His only allegations aimed at the officers are that (1) "twenty dorm officers, including high rank officials, were made aware of the malfeasance," (2) Corporal Castro and Captain Ceresolei threatened him because his family called the jail, and (3) and he was punished for exposing himself.  (Civ. Doc. 37 at 7)  Accepting these vague allegations as true, they do not support an inference that the officers placed the video devices in an area that allowed visitors to see in the shower area or have the authority to remedy the issue and did not do so.  Furthermore, the allegations are too vague "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003)).  Because Mr. Tuten again fails to allege sufficient facts to show a causal connection

between the officers' conduct and the alleged constitutional violation, his claims against the officers must be dismissed with prejudice. *See Woldeab*, 885 F.3d at 1291.

## IV. Conclusion

Accordingly, it is **ORDERED** that:

1. Defendant Sheriff Nocco's Motion to Dismiss the Amended Complaint (Doc. 38) is **GRANTED**. Mr. Tuten's claim against Sheriff Nocco for violating his constitutional right to bodily privacy is **DISMISSED WITH PREJUDICE**.

2. Mr. Tuten's claims against Home Wav and the twenty officers of the Pasco County Sheriff's Office for violating his constitutional right to bodily privacy are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(A)(b) and 28 U.S.C. § 1915(e)(2)(B).

3. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in Tampa, Florida on August 7, 2023.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party